# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | |
|---|---|
| KIMBERLY FRYE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 14-0784-CV-W-FJG |
| ) | |
| ADESA AUTO AUCTION, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Pending before the Court are (1) Plaintiff's Motion to Remand with Suggestions in Support Thereof (Doc. No. 9); (2) Defendant ADESA's Motion to Dismiss and Memorandum in Support (Doc. No. 6); and (3) Defendant Caddell's Motion to Dismiss and Memorandum in Support (Doc. No. 17). All are considered, below.

**I.     Background**

On July 16 2014, plaintiff filed her Petition for Damages in the Circuit Court of Cass County, Missouri. Plaintiff makes claims under the Missouri Human Rights Act ("MHRA") for (1) age discrimination, and (2) retaliation. Plaintiff is a citizen of the state of Missouri. Defendant ADESA Missouri, LLC, is a Missouri LLC whose sole member is ADESA, Inc., which is a Delaware corporation headquartered in Indiana. Defendants Harold Chapman and Melissa Caddell are citizens of the state of Missouri.

On September 5, 2014, Defendant ADESA Missouri, LLC, filed a notice of removal (Doc. No. 1). Defendant ADESA Missouri, LLC, asserted that this action is removable pursuant to 28 U.S.C. § 1441(a) because it is within the United States

District Court's jurisdiction under 28 U.S.C. § 1332(a) in that there is complete diversity of citizenship among the parties, and the amount in controversy exceeds $75,000. Doc. No. 1, p. 2. Defendant ADESA Missouri, LLC, further indicated that the Missouri citizenship of Defendants Chapman and Caddell should not be considered because they had not been served with process at the time of removal, and therefore the forum defendant rule would not apply. See 28 U.S.C. § 1441(b)(2), which provides "A civil action otherwise removable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." In the notice of removal, Defendant ADESA Missouri, LLC did not argue that Defendants Chapman and Caddell were fraudulently joined as defendants.

On September 26, 2014, plaintiff filed a motion to remand.

## II. Plaintiff's Motion to Remand (Doc. No. 9)

Plaintiff moves for an order remanding this case to the Circuit Court of Cass County, Missouri. Plaintiff asserts that the forum defendant rule is not applicable to this situation, as there is not complete diversity among the parties in this matter.

### A. Standard

A defendant may remove an action from state court to federal court when the case falls within the original jurisdiction of the federal courts. 28 U.S.C. § 1441(a). If the case is not within the original subject matter jurisdiction of the district court, the court must remand the case to the state court from which it was removed. 28 U.S.C. § 1447(c). Pertinent to the current set of facts, "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value

2

of $75,000, exclusive of interest and costs, and is between—(1) citizens of different States." 28 U.S.C. § 1332(a). Another restriction on the removal of diversity jurisdiction cases is the "forum defendant rule," found at 28 U.S.C. § 1441(b), which allows removal based on diversity jurisdiction only if none of the parties in interest properly joined and served as a defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b); Horton v. Conklin, 431 F.3d 602, 604 (8th Cir. 2005); Perez v. Forest Laboratories, Inc., 902 F.Supp. 2d 1238, 1241 (E.D. Mo. 2012). "The violation of the forum defendant rule is a jurisdictional defect and 'not a mere procedural irregularity capable of being waived.'" Horton, 431 F.3d at 605 (quoting Hurt v. Dow Chem. Co., 963 F.2d 1142, 1146 (8th Cir. 1992)).

The burden of establishing federal jurisdiction is on the party seeking removal. In re Bus. Men's Assurance Co. of Am., 992 F.2d 181, 183 (8th Cir.1993). On a motion to remand, the district court must strictly construe the removal statute and resolve all doubts in favor of remand. Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,119 F.3d 619, 625 (8th Cir.1997)(citing Bus. Men's Assurance, 992 F.2d at 183).

    B.    Discussion

In her motion to remand, plaintiff argues that the forum defendant rule, found at 28 U.S.C. § 1441(b)(2), does not operate so that the citizenship of un-served defendants are not considered when considering whether the parties are completely diverse. The Court agrees. Exactly on point is Creten-Miller v. Westlake Act Hardware, Case No. 09-0140-CV-W-FJG, 2009 WL 1035341 (April 16, 2009). In Creten-Miller, plaintiff and two non-served defendants were all residents of the state of Missouri. The

3

out-of-state defendant removed the case.  In its order remanding the case, this Court stated, "[out-of-state] defendant . . . fails to recognize that before reaching the inquiry under § 1441(b), the Court must determine whether the action would have been one falling under the Court's original jurisdiction as required under § 1441(a)." Creten-Miller, 2009 WL 1035341 at *2 (citing Pecherski v. General Motors Corp., 636 F.2d 1156, 1160 (8th Cir. 1981)).  The Court further noted that, for purposes of determining whether the court had original jurisdiction, the Court must consider whether any defendant, served or unserved, destroys complete diversity.  Id.  Here, as in Creten-Miller, the presence of defendants Chapman and Caddell destroys complete diversity.  Thus, the Corut lacks subject matter jurisdiction over this action.

## III.     Conclusion

Therefore, for the foregoing reasons, (1) Plaintiff's Motion to Remand (Doc. No. 9) is **GRANTED**; (2) this case is **REMANDED** to the Circuit Court of Cass County, Missouri; and (3) all remaining motions (Doc. Nos. 6 and 17) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date: December 8, 2014          **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri           Fernando J. Gaitan, Jr.
                                United States District Judge